# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| DENNIS HAMMOND, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. 4:15-CV-1213 CAS |
| ) | |
| MUELLER PROST LC, et al., ) | |
| ) | |
| Defendants. ) | |

## ORDER CONCERNING JURISDICTION

This diversity matter is before the Court on review of the file following transfer to the undersigned. The Eighth Circuit has admonished district courts to "be attentive to a satisfaction of jurisdictional requirements in all cases." Sanders v. Clemco Indus., 823 F.2d 214, 216 (8th Cir. 1987). "In every federal case the court must be satisfied that it has jurisdiction before it turns to the merits of other legal arguments." Carlson v. Arrowhead Concrete Works, Inc., 445 F.3d 1046, 1050 (8th Cir. 2006). Statutes conferring diversity jurisdiction are to be strictly construed, Sheehan v. Gustafson, 967 F.2d 1214, 1215 (8th Cir. 1992), and the burden of proving all jurisdictional facts is on the party asserting jurisdiction, here the plaintiffs. See McNutt v. General Motors Acceptance Corp. of Ind., Inc., 298 U.S. 178, 189 (1936). "[T]he court may . . . insist that the jurisdictional facts be established or the case be dismissed[.] Id.

In this case, plaintiffs' complaint asserts that federal jurisdiction exists based on diversity of citizenship. Complaint at 2, ¶ 6. Complete diversity of citizenship between plaintiffs and defendants is required by 28 U.S.C. § 1332. Buckley v. Control Data Corp., 923 F.2d 96, 97, n.6 (8th Cir. 1991). "Complete diversity of citizenship exists where no defendant holds citizenship in the same state where any plaintiff holds citizenship." OnePoint Solutions, LLC v. Borchert, 486

F.3d 342, 346 (8th Cir. 2007). To establish complete diversity of citizenship, a complaint must include factual allegations of each party's state of citizenship, including allegations of any corporate party's state of incorporation and principal place of business. Sanders v. Clemco Industries, 823 F.2d 214, 216 (8th Cir. 1987); see 28 U.S.C. § 1332(a).

Different allegations, however, are required to properly plead the citizenship of a limited liability company ("LLC"). "An LLC's citizenship, for purposes of diversity jurisdiction, is the citizenship of each of its members." E3 Biofuels, LLC v. Biothane, LLC, 781 F.3d 972, 975 (8th Cir. 2015) (quoted case omitted). Thus, for limited liability companies such as defendant Mueller Prost LC, the Court must examine the citizenship of each member of the limited liability company to determine whether it has diversity jurisdiction. See GMAC Commercial Credit, LLC v. Dillard Dep't Stores, Inc., 357 F.3d 827, 829 (8th Cir. 2004) ("GMAC"). For any members of LLCs that are themselves liability companies, partnerships or limited partnerships, information concerning their underlying members or partners must be alleged.[1]

Plaintiffs' complaint alleges that defendant Mueller Prost LC is a limited liability company organized under the laws of the State of Missouri with its principal place of business in Clayton, Missouri, and thus is a citizen of Missouri. Complaint at 2, ¶ 2. However, "an LLC is not necessarily a citizen of its state of organization but is a citizen of each state in which its members are citizens." GMAC, 357 F.3d at 829. The complaint contains no allegations concerning the relevant jurisdictional facts about defendant Mueller Prost LC's citizenship: the state(s) of which each of its members were citizens at the time the complaint was filed, as required by GMAC.

---

[1] In Carden v. Arkoma Associates, 494 U.S. 185, 195-96 (1990), the Supreme Court held that for diversity purposes, the citizenship of a limited partnership is the citizenship of each of its partners, both general and limited.

Plaintiffs' complaint is procedurally defective because it does not contain sufficient allegations of jurisdictional facts to establish the existence of diversity jurisdiction. Plaintiffs will be required to amend their complaint to correct this defect, and will be granted seven (7) days to file an amended complaint that alleges facts showing complete diversity of citizenship among the parties. Plaintiffs' failure to timely and fully comply with this Order will result in the dismissal of this case without prejudice for lack of subject matter jurisdiction.

Accordingly,

**IT IS HEREBY ORDERED** that by **August 24, 2015**, plaintiffs shall file an Amended Complaint that alleges facts establishing the citizenship of all parties to this action.

**IT IS FURTHER ORDERED** that if plaintiffs do not timely and fully comply with this Order, this matter will be dismissed without prejudice for lack of subject matter jurisdiction.

**IT IS FURTHER ORDERED** that all other proceedings in this case are **STAYED** pending further Order of this Court.

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this  17th  day of August, 2015.