# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| DENNIS HAMMOND, et al., | ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | No. 4:15-CV-1213 CAS |
| MUELLER PROST LC, et al., | ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This diversity matter is before the Court on plaintiffs Dennis and Sheila Hammonds' ("plaintiffs" or "the Hammonds") motion for summary judgment against remaining defendant Amber Lewis, a/k/a Amber D. Black, a/k/a Amber D. Woodward. Plaintiffs filed suit against defendants Mueller Prost LC, Pine Lake Corporation d/b/a Financial Support Services, Midland States Bancorp, Inc., and Amber Lewis. The corporate defendants settled with plaintiffs and the claims against those defendants have been dismissed. In the First Amended Complaint, plaintiffs assert claims against Lewis for fraud (Count XIV), breach of fiduciary duty (Count XV), conversion (Count XVI), and replevin (Count XVII). Lewis has failed to respond to the motion for summary judgment and the time to do so has passed. For the following reasons, the motion will be granted.

**Legal Standard**

The standards applicable to summary judgment motions are well settled. Pursuant to Federal Rule of Civil Procedure 56(a), a court may grant a motion for summary judgment if all of the information before the court shows "there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law." See Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

The initial burden is placed on the moving party. City of Mt. Pleasant, Iowa v. Associated Elec. Co-op., Inc., 838 F.2d 268, 273 (8th Cir. 1988) (the moving party has the burden of clearly establishing the non-existence of any genuine issue of fact that is material to a judgment in its favor). Once this burden is discharged, if the record shows that no genuine dispute exists, the burden then shifts to the non-moving party who must set forth affirmative evidence and specific facts showing there is a genuine dispute on a material factual issue. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986).

Once the burden shifts, the non-moving party may not rest on the allegations in its pleadings, but by affidavit and other evidence must set forth specific facts showing that a genuine issue of material fact exists. Fed. R. Civ. P. 56(c); Herring v. Canada Life Assur. Co., 207 F.3d 1026, 1029 (8th Cir. 2000); Allen v. Entergy Corp., 181 F.3d 902, 904 (8th Cir. 1999).

**Discussion**

The Court adopts the Statement of Undisputed Material Facts presented by plaintiffs with their Motion for Summary Judgment, and incorporates it herein by this reference. The plaintiffs' statement of facts is supported by the plaintiffs' declarations, defendant Lewis's responses to plaintiffs' discovery requests, letters written by Lewis, and many bank records and credit card statements. Further, defendant Lewis has not disputed plaintiffs' statements of the facts as she failed to respond to the Motion for Summary Judgment. Because Lewis failed to submit a statement of material facts as to which she contends a genuine issue exists, as required by Local Rule 4.01(E), for purposes of this motion defendant is deemed to have admitted all facts which were not specifically controverted. See Deichmann v. Boeing Co., 36 F.Supp.2d 1166, 1168 (E.D. Mo. 1999); see also Roe v. St. Louis Univ., 746 F.3d 874, 881 (8th Cir. 2014) (if an opposing party does

2

not raise objections to a movant's statement of facts as required by Local Rule 4.01(E), "a district court will not abuse its discretion by admitting the movant's facts."); Ridpath v. Pederson, 407 F.3d 934, 936 (8th Cir. 2005) (where plaintiff did not controvert defendant's statement of material fact, it was deemed admitted under E. D. Mo. Local Rule 4.01(E)).

In summary, plaintiff Dennis Hammond owned an investment advisory firm, Hammond Associates, which employed defendant Lewis from 2002 through January 2011. During that time, and until May 2011, the Hammonds employed defendant Lewis to assist with the management of their family finances. In that capacity, Lewis was responsible for paying bills and completing other tasks, and was required to act in the Hammonds' best interests in handling their finances. Lewis had access to certain of the Hammonds' bank accounts during this time, but was not authorized to charge funds from the Hammonds' accounts for her personal use or to receive payment from their personal bank accounts for services she rendered to the Hammonds.

Plaintiffs establish that without their knowledge, defendant Lewis was withdrawing money from their personal accounts both during and after her employment, through the unauthorized writing of checks on their accounts, ATM withdrawals, miscellaneous purchases, payment transfers directly to her bank accounts, and payments to her Capital One credit card. Lewis admitted paying her credit card, rent, personal bills, and personal phone bills with funds from the Hammonds' accounts. Lewis never disclosed to the Hammonds that she was withdrawing funds from their accounts for her personal use, and represented that she was at all times performing her job by monitoring, handling and accessing their bank records in their interest. Lewis's unauthorized activity was not detected until April 15, 2014 when Capital One inquired concerning a third party payment from one of the Hammonds' bank accounts to Lewis's credit card. Thereafter, the

Hammonds discovered that Lewis committed 213 unauthorized withdrawals, transfers and charges amounting to $297,778.01 she took that belonged to the Hammonds.

Upon review of plaintiffs' Motion, the Court finds summary judgment to be proper. The material facts are undisputed, plaintiffs' arguments are well founded, and defendant Lewis has provided no arguments or evidence to the contrary. Plaintiffs have met their burden to establish the absence of any genuine issue of fact material to a judgment in their favor.

Therefore, for the reasons set forth in plaintiffs' Memorandum in Support of their Motion, summary judgment will be entered in plaintiffs' favor and against defendant Lewis on plaintiffs' claims for fraud, breach of fiduciary duty, conversion, and replevin in Counts XIV-XVII of the First Amended Complaint. The Court will enter judgment in favor of plaintiffs and against defendant Amber Lewis, a/k/a Amber D. Black, a/k/a Amber D. Woodward, in the amount of $297,778.01.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs' Motion for Summary Judgment against defendant Amber Lewis is **GRANTED**. [Doc. 60]

An appropriate judgment will accompany this Memorandum and Order.

　　　　　　　　　　　　　　　　_/s/ Charles A. Shaw_
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this  13th  day of December, 2016.